**Samuel Robert QUEEN, Jr., Appellant**

v.

**Ricardo MARTINEZ, Warden, USP Allenwood.**

No. 08–1483.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 31, 2008.

Filed April 11, 2008.

Samuel Robert Queen, Jr., White Deer, PA, pro se.

Dennis C. Pfannenschmidt, Esq., Harrisburg, PA, for Ricardo Martinez.

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Samuel Robert Queen, Jr. appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will affirm the District Court's order.

In 1994, Queen pleaded guilty to possession and distribution of heroin in the District Court for the District of Maryland. The District Court sentenced him to 360 months in prison. On February 1, 2008, 2008 WL 376299, Queen filed a § 2241 petition in the District Court for the Middle District of Pennsylvania. He alleged that his incarceration is unlawful because his criminal judgment was not executed. The District Court dismissed the petition, and Queen filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." *Id.* In *Cradle,* we explained that

a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

*Id.* at 538–39 (citations omitted). Queen has not shown that a § 2255 motion would be inadequate or ineffective. The District Court did not err in dismissing Queen's § 2241 petition.

Moreover, Queen's claims are without merit. Queen argues that his judgment and commitment order was not executed because "return portion," where the United States Marshal states that the defendant was delivered to the Bureau of Prisons ("BOP"), was not filled in. He claims that a BOP official later added a notation as to the day Queen arrived at the prison. Queen cites to no precedent and provides no explanation as to how the allegedly absent statement of his delivery to the BOP has affected his rights. He does not dispute that he arrived into BOP custody on February 27, 1995, or that he has been sentenced to 360 months in prison. Queen's arguments that he is a "surety" for the "debtor" in his criminal case are frivolous and not deserving of further discussion.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will sum-

marily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.